JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE JOHN STEWART COMPANY, | Case No. SA CV 15-0392 JLS (JCG) |
| Plaintiff, | **ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |
| v. | |
| JEREMIAH LEON, et al., | |
| Defendants. | |

The Court will summarily remand this unlawful detainer action to state court because Defendant removed it improperly.

On March 11, 2015, Defendant Jeremiah Leon, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented an application to proceed without prepaying fees or costs. [Dkt. Nos. 1, 3.] The Court has denied the latter application under separate cover because the action was improperly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff could not have brought this action in federal court in the first place, in that Defendants do not competently allege facts supplying either

1

1   diversity or federal-question jurisdiction, and so removal is improper.  28 U.S.C.

2   § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Notably, even if

3   complete diversity of citizenship exists, Defendant cannot properly remove the action

4   because Defendant resides in the forum state.  (*See* Notice at 1); *see also* 28 U.S.C.

5   § 1441(b)(2).

6          Nor does Plaintiff's unlawful detainer proceeding raise any federal legal

7   question.  *See* 28 U.S.C. §§ 1331, 1441.  Federal-question jurisdiction under § 1331

8   encompasses civil actions that arise under the Constitution, laws, or treaties of the

9   United States.  *See* 28 U.S.C. § 1331.  Plaintiff's complaint for unlawful detainer

10  alleges a cause of action arising under the laws of the State of California.  [*See* Dkt.

11  No. 1 at 7-9.]  To be sure, Defendant asserts that he "is a member of a protected class"

12  under the Civil Rights Act of 1968.  (Notice at 3.)  However, neither a federal-law

13  counterclaim nor a federal-law defense may serve as a basis for federal question

14  jurisdiction.  *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that

15  federal-question jurisdiction "cannot be predicated on an actual or anticipated defense"

16  nor on "an actual or anticipated counterclaim").

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1       Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the

2 Superior Court of California, County of Orange, North Justice Center, 1275 North

3 Berkeley Avenue, Fullerton, CA 92838, for lack of subject matter jurisdiction pursuant

4 to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state

5 court; and (3) the Clerk serve copies of this Order on the parties.

6

7

8 DATED:   March 17, 2015

9                           HON. JOSEPHINE L. STATON
                          UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28